UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:03-cr-252-T-23TGW
        8:05-cv-365-T-23TGW

DAVID J. PATACH
_____/

**O R D E R**

Patch's motion to vacate sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) challenges the validity of Patach's convictions for one count of attempt to manufacture five grams or more of methamphetamine, for which offense he was sentenced to 87 months, consecutive to the term imposed in 8:99-cr-333-T-23EAJ for possession and manufacture with the intent to distribute methamphetamine.[1]  Although admitting (Doc. 5 at 3) that the motion to vacate is timely the United States argues that, as part of a plea agreement, Patach waived his right to raise the grounds asserted in the motion to vacate.

**FACTS**[2]

From an unknown date continuing up to and through January 30, 2003, in the Middle District of Florida and elsewhere, defendant knowingly and willfully attempted to manufacture more than 5 grams of methamphetamine. To wit, on January 30, 2003, David John Patach operated a methamphetamine laboratory at 1707 Reynolds Road in Lakeland, Florida. Found at the methamphetamine laboratory site was 19 milligrams of methamphetamine and chemicals and other items sufficient to manufacture more than 5 grams of methamphetamine, including 2 boxes of suphedrine and 2 boxes of antihistabs and other liquids which contain the listed

---

[1] Patch was on supervised release for the earlier case when arrested for the present case.

[2] This summary of the facts derives from the plea agreement (Doc. 10).

>	chemical, pseudoephedrine.  Other items necessary to manufacture
>	methamphetamine found on site include, but are not limited to: acetone,
>	denatured alcohol, acid, lye, and salt.  Patach knowingly and willfully
>	obtained these items with the intent to manufacture methamphetamine.

## GROUNDS

Patach alleges seven grounds of ineffective assistance of counsel.  The first four grounds involve the calculation of sentence based on the amount of actual methamphetamine rather than a sentence based on a mixture containing methamphetamine.  Ground five alleges that counsel was ineffective because his sentence is based on facts neither admitted by Patach nor found by a jury as required by Blakely v. Washington, 542 U.S. 296 (2004).  Ground six alleges that counsel was ineffective for failing to file a direct appeal of the sentence.  Ground seven alleges that the United States violated the plea agreement by using information provided by Patach in a debriefing that occurred before the filing of charges.

Patach's conviction is based on a negotiated plea.  The plea agreement specifically states that Patach "expressly waives the right to appeal defendant's sentence, directly or collaterally, on any ground, including the applicability of the 'safety valve' provision contained in 18 U.S.C. § 3553(f) and USSG §5C1.2, except for an upward departure by the sentencing judge, a sentence above the statutory maximum, or a sentence in violation of the law apart from the sentencing guidelines. . . ."  Plea Agreement ¶ 5 at 12 (Doc. 10).

The magistrate judge ensured during the entry of the guilty plea that Patach understood that he could not withdraw his plea even if the sentence imposed was greater than expected.

>THE COURT:  And let me emphasize to you that at this point no one connected with the court has yet calculated the guideline range in this case. That stage of the process just hasn't been reached.  So if your lawyer or somebody else has given you some idea of what they think the guideline range will be, at this point it is only an estimate.  Do you understand that?
>
>THE DEFENDANT:  Yes, sir.
>
>THE COURT:  And if at the time of sentencing the sentencing guideline range, and therefore your sentence, turns out to be less favorable than you hoped, you will not have a right to withdraw your plea of guilty.  Do you understand that?
>
>THE DEFENDANT:  I do.
>
>THE COURT:  I will tell you that in some circumstances the court can go above the sentencing guidelines and in other circumstances can go below the sentencing guidelines.  Do you understand that?
>
>THE DEFENDANT:  Yes, sir.

Transcript of Guilty Plea at 19 (Doc. 44).  The magistrate judge also ensured that Patach understood the significance of the appeal waiver.

>THE COURT:  I also want to emphasize paragraph five.  First I will tell you that even though you are pleading guilty, you have a right to appeal your sentence.  But under paragraph five you limit the extent to which you can appeal your sentence.  Under paragraph five you can only appeal if there's an upward departure by the sentencing judge, a sentence above the statutory maximum, or a sentence that violates the law apart from the sentencing guidelines.  In particular, what you cannot appeal is the way the court calculated the sentencing guidelines.  Do you understand that?
>
>THE DEFENDANT:  Yes, sir.
>
>THE COURT:  And, furthermore, you can't come back to this court at some later time and complain about the calculation either.  Do you understand that?
>
>THE DEFENDANT:  I do.
>
>THE COURT:  Do you have any question about that provision?

>    THE DEFENDANT:  No, sir.
>
>    THE COURT:  And are you agreeing to that provision freely and voluntarily as part of this plea agreement?
>
>    THE DEFENDANT:  I do.

Transcript of Guilty Plea at 27-28 (Doc. 44).  Patach's 87-month sentence is in the middle of the guidelines range, which sentence was neither an upward departure nor above the statutorily authorized maximum sentence.  Consequently, Patach's waiver of his right to challenge the guidelines sentence is controlling and the appeal waiver precludes Patach's ineffective assistance of counsel claims.  Williams v. United States, 396 F.3d 1340, 1342 (11th Cir. 2005) (a valid appeal waiver precludes a Section 2255 claim based on ineffective assistance of counsel at sentencing).  Even if not waived, Patach's ineffective assistance of counsel claims in grounds one through four are meritless for the reasons stated in the response (Doc. 5).[3]  Ground five is meritless because Patach was sentenced on March 16, 2004, before the June 24th Blakely v. Washington, 542 U.S. 296 (2004), decision, and Blakely is not applicable on collateral review.  In re Dean, 375 F.3d 1287, 1290 (11th Cir. 2004) ("Because Blakely, like Ring [v. Arizona, 536 U.S. 584 (2002)], is based on an extension of Apprendi [v. New Jersey, 530 U.S. 466 (2000)], Dean cannot show that the Supreme Court has made that decision retroactive to cases already final on direct review.").  Ground six is meritless because Patach never timely directed his counsel

---

[3] The laboratory reports Patach attaches to his motion shows that he possessed 19 milligrams of actual methamphetamine (the same quantity as admitted in the plea agreement) and the ingredients necessary to manufacture an additional 9.7 grams of actual methamphetamine (4.8 grams of "Equate Suphedrine" and 5.8 grams of "Equate Antihistabs", which the laboratory determined would produce 9.7 grams of actual methamphetamine).  In his ineffective assistance of counsel claims, Patach cites a preliminary presentence report that erroneously failed to identify the 9.7 grams as actual methamphetamine, an error corrected in the final presentence report that was used for sentencing.

to file a notice of appeal, he was sentenced according to the terms of the plea agreement, and he waived his right to challenge the calculation of sentence.  Consequently, Patach's counsel had no constitutional duty to consult with Patach after sentencing to ascertain whether Patach wanted to appeal.  Otero v. United States, 499 F.3d 1267, 1271 (11th Cir. 2007) ("Because no rational defendant in Otero's position would have sought to appeal in light of the broad appeal waiver, and because Otero did not communicate to his lawyer a desire to appeal, we conclude that Otero's lawyer was not under a constitutional obligation to consult Otero about an appeal.").  See correspondence attached to petition at 33-39. Finally, by pleading guilty Patach forfeited challenging the offenses alleged in the information that were based on his debriefing.  Wilson v. United States, 962 F.2d 996, 997 (11th Cir. 1992) ("A defendant who enters a plea of guilty waives all nonjurisdictional challenges to the constitutionality of the conviction. . . . ).

Accordingly, the motion to vacate sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DENIED**.  The clerk shall enter a judgment against Patach and close this action.

ORDERED in Tampa, Florida, on February 21, 2008.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE